IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| BRUCE R. FIFER, ) | CASE NO. 05-40222-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Debtor's Accountant's Application for Allowance of Administration Expense" (Docket No. 55). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Bruce R. Fifer ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 1, 2005. Initially, Daniel E. O'Connell was the Chapter 13 Trustee. The case was transferred to the instant judge on June 1, 2006. Contemporaneously, O'Connell ceased serving as the Chapter 13 Trustee, and William E. Heitkamp began serving as the Chapter 13 Trustee. Debtor's Chapter 13 plan was confirmed, by order entered December 14, 2005. The case was dismissed, by order

entered March 13, 2007.

In the instant application, Debtor's accountant, James Longaker, seeks allowance of $1,050 in fees, to be paid as an administrative expense pursuant to Section 503 of the Bankruptcy Code.

No evidence was adduced in support of the instant application. Counsel for Debtor stated that Longaker prepared six tax returns for Debtor, and that Debtor lacked sufficient funds to pay Longaker. Counsel stated that, because the case was subject to dismissal, he agreed to seek payment of Longaker's fee as an administrative expense.

## Conclusions of Law

Section 503 of the Bankruptcy Code provides in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including–
>
> > (1)(A)   the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;
>
> > * * *
>
> > (2)  compensation and reimbursement awarded under section 330(a) of this title.

11 U.S.C. § 503 (2005).

Section 330(a) of the Bankruptcy Code provides in pertinent part:

2

>   (a)(1)   After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103-
>
>> (A)   reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> (B)   reimbursement for actual, necessary expenses.
>
>   * * *
>
>   (4)
>
>> (B)   In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a) (2005).

The list of parties compensable under Section 330(a)(1) is not ambiguous.  Lamie v. U.S. Trustee, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).  That list does not include an accountant for a Chapter 13 Debtor.

Likewise, Section 330(a)(4) is not ambiguous.  It applies to an attorney representing an individual debtor in a Chapter 12 or Chapter 13 case, but does not apply to an accountant for a Chapter 13 debtor.

Under Section 503(b)(1)(A), the phrase "actual, necessary costs and expenses of preserving the estate" is

3

narrowly construed.  In re DeSardi, 340 B.R 790 (Bankr. S.D. Tex. 2006).  In DeSardi, the court considered the question of whether adequate protection paid to a creditor to enable the debtors to use vehicles postpetition were entitled to treatment as administrative expenses.  The court held that "the payment must relate to the actual use of the creditor's property by the debtor, thereby conferring a concrete benefit on the estate before a claim is allowable as an administrative expense.  The court's administrative expense inquiry centers upon whether the estate has received an actual benefit..."

In the instant case, the estate received a benefit as a result of the applicant's preparation of tax returns, in that Debtor was enabled to propose a plan which was anticipated to cure arrearages on secured claims, pay administrative expense claims (including that of Longaker) and pay all unsecured claims in full.  The court concludes that the fees sought are allowed, under Section 503(b)(1)(A), as "actual necessary costs and expenses of preserving the estate."

Signed at Houston, Texas on April 25, 2007.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE